IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF ILLINOIS
Northern Division

RECEIVED
SEP 16 2020
THOMAS G BRUTON
CLERK, U.S DISTRICT COURT

Victoria C. McKenzie,

Plaintiff,

v..

Defendants.
Village of Roscoe
Village of Roscoe Police Department
Chief jamie Evans, Roscoe Police Department
Cpl. William Weston, Roscoe Police Department
Officer Ryan Kelly, Roscoe Police Department
Head Chaplain Pastor Paul Meyers, Roscoe Police Department
Deputy Chief Derek Lee, Roscoe Police Department
Sgt. Thomas Farone, Roscoe Police Department
Sgt. Robert Lewis, Roscoe Police Department
Mark W. Szula, Village of Roscoe President
Clifford Ward
Winnebago County
Winnebago County Health Department
Ryan Kerch, WCHD Environmental Health Supervisor
Joseph Kurlinkus, Village of Roscoe Attorney
Other Unnamed Defendants

20cv50353
Judge Philip G. Reinhard
Magistrate Judge Lisa A. Jensen

## COMPLAINT AND REQUEST FOR JURY TRIAL

Plaintiff Victoria C. McKenzie alleges as follows:

### INTRODUCTION

1. This is an action brought by Victoria C. McKenzie to enforce Title II of the Americans with Disabilities Act of 1990 ("ADA"). Pursuant to Title II of the Americans with Disabilities Act (ADA), 42 U.S.C. 12131-12134, Section 504 of the Rehabilitation Act of 1973 (Section 504), 29 U.S.C. 794, and the Civil Rights Act of 1964, the Defendants perpetrated several hundreds of deliberate and intentional discriminatory and retaliatory acts against the Plaintiff.

1

2. The United States seeks declaratory and injunctive relief, compensatory damages, a civil penalty against Defendants pursuant to 42 U.S.C. § 12188(a)(1) and (a)(2)

## JURISDICTION

3. The Court has jurisdiction over this action pursuant to 42 U.S.C. §§ 12188(a)(1) and (a)(2) and 28 U.S.C. §§ 1331. The Court may grant declaratory and other relief pursuant to 28 U.S.C. §§ 2201 and 2202.

4. Venue lies in this District and this Division pursuant to 28 U.S.C. § 1391 due the discriminatory and retaliatory acts giving rise to this action occurred at locations in and around Winnebago and Jo Daviess County, IL, as well as, at least one defendant residing within the judicial district.

## FACTUAL ALLEGATIONS

5. The Plaintiff is a forty-nine year old woman. When she was thirty-six years old, she was involved in a major motor vehicle accident which resulted in residual conditions including an auditory processing disorder, hearing loss, degenerative disc disease, debilitating migraines, anxiety, panic attacks, severe arthritis throughout her entire skeletal system, balance issues, severe nausea and vomiting, neurogenic bladder, incontinence, stiff person syndrome and Postural orthostatic tachycardia syndrome. The manifestations of the Plaintiffs conditions include, but not limited to, joint pain, fatigue, limping, dehydration, inability to stand for long periods of time, nausea and vomiting, and the inability to process and understand verbal language,

6. The plaintiff is an individual with a disability within the meaning of 42 U.S.C. § 12102.

7. On a multitude of occasions the Plaintiff was discriminated against for having disabilities by the Defendants.

8.. On a multitude of occasions the plaintiff was subjected to retaliatory behavior by the Defendants for advocating for my assertion of my ADA rights and/or filing complaints regarding their behaviors.

9. On a multitude occasions the Defendants referred to the Plaintiff's disabilities in derogatory terms and/or denied she had disabilities which caused her to feel embarrassment. shame, and worthlessness.

10. On or about September 19, 2018 the Defendants refused entry to the home owned by the Plaintiff to retrieve her belongings that were awarded and court ordered to the Plaintiff by the Winnebago County Court due to her disabilities.

11. The Defendants allowed the former spouse and Co-Defanadant, Clifford Ward to remove belongings from the residence owned jointing by the Plaintiff and Co-Defendant, against a court order from the Winnebago Court Court.

12. Due to the systematic failure, insensitivity and lack of education of those with disabilities and extensive discriminatory culture and behavior of the Defendants the Plaintiff lost a lifetime of her and her daughter's irreplaceable possessions, including, but limited to items that had belonged to her deceased mothers, photographs of her children and family, an antique dining table and chairs, Christmas ornament collection, an extensive American Girl doll collection, items from when her children were born, etc.

## CLAIM FOR RELIEF

13. Plaintiff incorporates herein the allegations contained in Paragraphs 1- 12.

14. Defendants discriminated on the basis of disability in violation of Title II of the ADA, Victoria C. McKenzie suffered damages as a result of Defendants' violations of the "ADA," the Section 504 of the Rehabilitation Act of 1973 and the Civil Rights Act of 1964.

## PRAYER FOR RELIEF

**WHEREFORE, the United States prays that this Court:**

1. Grant judgment in favor of the Plaintiff and declare that Defendants violated Title II of the Americans with Disabilities Act of 1990 ("ADA"). Pursuant to Title II of the Americans with Disabilities Act (ADA), 42 U.S.C. 12131-12134, and Section 504 of the Rehabilitation Act of 1973 (Section 504).
2. Enjoin Defendants, their officers, agents, employees, and all others in concert or participation with them, from engaging in discrimination against individuals with disabilities, and specifically from failing to comply with Title II of the ADA.
3. Award compensatory damages, including damages for pain, suffering, and emotional distress, to the Plaintiff. for injuries suffered as the result of Defendants' violations of Title II of the ADA, Section 504 of the Rehabilitation Act of 1973 and the Civil Rights Act of 1964.

4. Assess a civil penalty against Defendants, pursuant to 42 U.S.C. § 12188(b) (2)(C), to vindicate the public interest; and
5. Order such other appropriate relief as the interests of justice may require.


Respectfully submitted this 12th day of September, 2020.

VICTORIA C. McKENZIE

Pro Se